United States District Court
Southern District of Texas
**ENTERED**
July 09, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL DWAYNE CLARK, TDCJ #01983265, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-2213 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Texas inmate Michael Dwayne Clark (TDCJ #01983265) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a prison disciplinary conviction. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

### **I. Background**

Clark is currently serving a 15-year prison sentence in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a conviction that was entered

against him in McClennan County, Texas.¹ Although Clark does not specify the offense, court records reflect that he received that sentence after a jury found him guilty of possessing a controlled substance, namely heroin. See Clark v. State, No. 10-15-00022-CR, 2015 WL 5949338 (Tex. App. — Waco Oct. 8, 2015, pet. ref'd). Prison records further reflect that Clark has at least two other state court convictions for possession of a controlled substance, one of which included an affirmative finding that a deadly weapon was used during the offense.²

Clark now seeks relief in the form of a federal writ of habeas corpus to challenge a prison disciplinary conviction that was entered against him at the Ellis Unit in Huntsville, where he is currently confined.³ Clark challenges a conviction entered against him on March 22, 2018, in disciplinary case number 20180190958, for possession of marijuana.⁴ As a result of this disciplinary conviction, Clark lost commissary, recreation, and visitation privileges for 45 days.⁵ Clark's classification status was also

---

¹Petition, Docket Entry No. 1, p. 2.

²Those convictions were entered against Clark on December 11, 2008, in McLennan County Cause Nos. 2008-1697-C2 and 2008-1076-C2. See TDCJ Offender Information website, available at https://offender.tdcj.texas.gov (last visited July 9, 2019).

³Petition, Docket Entry No. 1, pp. 1, 5.

⁴Id. at 5.

⁵Id.

reduced and he lost 300 days of previously earned good-time credit.[6]

Clark argues that he was denied due process at his disciplinary hearing because officers did not test the drugs, which he claims were actually food seasoning.[7] Clark contends, therefore, that his conviction should be overturned because prison officials failed to follow their own rules by obtaining a laboratory report establishing the nature of the substance.[8]

## II. <u>Prison Disciplinary Proceedings</u>

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. <u>See</u> <u>Wolff v. McDonnell</u>, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. <u>See</u> <u>Sandin v. Conner</u>, 115 S. Ct. 2293, 2302 (1995). A Texas prisoner cannot demonstrate a Due Process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously

---

[6] <u>Id.</u>

[7] <u>Id.</u> at 7.

[8] <u>Id.</u> at 8.

earned good-time credit. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000).

Although Clark lost previously earned good-time credit, he admits in his Petition that he is not eligible for mandatory supervision.[9] Under Texas law, an inmate is not eligible for mandatory supervision if he is serving a sentence for or has been previously convicted of an offense in which the judgment contains an affirmative finding that a deadly weapon was used. See Tex. Gov't Code § 508.149(a)(1). Because one of his prior convictions includes such a finding, Clark is not eligible for mandatory supervision and he cannot establish that the loss of good-time credit implicated a constitutionally protected liberty interest that is protected by the Due Process Clause. See Malchi, 211 F.3d at 958.

To the extent that Clark lost privileges, this type of sanction does not pose an "atypical" or "significant" hardship that implicates a constitutionally protected liberty interest. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (observing that limitations imposed on commissary privileges and temporary cell restrictions are "merely changes in the conditions of [an inmate's] confinement and do not implicate due process concerns"). The Fifth Circuit has also decided that reductions in a prisoner's classification status and the potential impact on good-time credit

---

[9] Id. at 5 ¶ 16.

-4-

earning ability are not protected by the Due Process Clause. See Malchi, 211 F.3d at 958; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Because Clark cannot establish a constitutional violation of constitutional under these circumstances, his Petition will be dismissed for failure to state a claim upon which relief may be granted.

### III. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). The court concludes that jurists of reason would not debate the assessment of the petitioner's claims or whether the petitioner has demonstrated the violation of a constitutional right. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Michael Dwayne Clark (Docket Entry No. 1) is **DENIED,** and this action will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 9th day of July, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE